UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DREW WILLIAM SUTHERLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-00639-JMS-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Drew Sutherlin for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United*

*States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

Mr. Sutherlin was arrested by Indiana authorities on May 16, 2017, and transferred to federal custody the next day. The United States filed a six-count sealed Criminal Complaint charging him with five separate violations of 18 U.S.C. § 2422(b) by enticing five minor victims to produce child pornography. *United States v. Sutherlin*, 1:17-cv-213-JMS-DML-1 ("Cr. Dkt.") Dkt. 2. He was also charged with one count of possession of child pornography in violation of 18 U.S.C. § 2252(5)(B). *Id.*

Attorney Joseph Cleary of the Indiana Federal Community Defenders was appointed to represent Mr. Sutherlin. Cr. Dkt. 7. Mr. Sutherlin was not formally charged until five months later, when a 15-count criminal Information was filed. Cr. Dkt. 20.

Mr. Sutherlin asserts that, from the beginning, he knew that he did not want to go to trial. He states he told Mr. Cleary as much very soon after Mr. Cleary was appointed to represent him. Dkt. 8-1 ¶ 4. Mr. Sutherlin states that Mr. Cleary told him and his family that he "needed to fully cooperate with the Government" if he did not want to go to trial. *Id.* ¶ 5. Mr. Cleary told him that cooperation was his "only chance to avoid going to prison for the rest of [his] life." *Id.* According to Mr. Sutherlin, Mr. Cleary did not explain to him that he could plead guilty to the charges without reaching a plea agreement with the United States. *Id.* ¶ 11. Mr. Sutherlin asserts that Mr. Cleary told him that if he rejected the plea agreement offered by the United States, he would be forced to go to trial. *Id.* ¶ 12.

The United States offered Mr. Sutherlin a binding plea agreement which required a sentence of between 30 and 35 years if accepted by the Court. Crim. Dkt. No. 24. Mr. Cleary explained to Mr. Sutherlin that the evidence against him was overwhelming and a not guilty verdict

was unlikely. Dkt. 8-1 ¶16. According to Mr. Cleary, the final plea offer was the best chance Mr. Sutherlin had at obtaining the least time in prison. *Id.* ¶16.

At the time Mr. Sutherlin was evaluating the final plea offer, he asserts that he did not fully understand that under the plea agreement the least amount of prison time he could get was 30 years. *Id.* ¶¶16, 17. Instead, he contends that he and his family mistakenly believed they could ask the Court for less prison time at the sentencing hearing until Mr. Sutherlin later met with the defense mitigation specialist. *Id.* ¶ 17. Mr. Sutherlin accepted the plea agreement because he understood it was his only option to avoid a life sentence. *Id.* ¶ 14.

Mr. Sutherlin was not advised that he could enter an "open" guilty plea, without a plea agreement with the United States, and seek leniency from the Court at sentencing. *Id.* ¶ 15, 18. He states that, had he known, he would have rejected the plea agreement and pleaded "open." *Id.* ¶ 18, 19. He states that he would have done so despite the fact that he could have received a sentence higher than the 35-year limit in his plea agreement and that the risk of receiving a stiffer sentence would have been worth taking a chance at receiving less than 30 years. *Id.* ¶ 19.

In the plea agreement, Mr. Sutherlin agreed to plead guilty to all 15 counts of child exploitation. Cr. Dkt. 24, p. 1. In addition, he stipulated to the facts supporting his pleas of guilty, waived his right to file a direct appeal and, other than claims of ineffective assistance of counsel, waived his right to challenge his conviction or sentence in a post-conviction motion. *Id.*, p. 11-13, 15-16. Each of the 15 offenses could be punished by a "mandatory minimum term of at least 15 years of imprisonment and a maximum term of up to 30 years . . . ." *Id.*, p. 2. Under the terms of the binding plea agreement, the parties stipulated to a total sentence of "between 30 and 35 years." *Id.*, p. 5. The parties acknowledged that they were bound by the total sentence of 30 to 35 years imprisonment and agreed it was the appropriate disposition in this case. *Id.*, p. 5. The parties

acknowledged that the Court must accept or reject the agreed upon sentence and that if the Court rejected the plea agreement, either party may withdraw from the agreement. *Id.*

### III. Discussion

Mr. Sutherlin contends that his counsel was ineffective for failing to advise him that he could enter an "open" guilty plea to the charges against him without reaching an agreement with the United States.

To succeed with a claim of ineffective assistance of counsel, a petitioner must show both that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Because "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," the Court addresses only the issue of prejudice. *Strickland*, 466 U.S. at 697. Mr. Sutherlin argues that he was prejudiced because he would have entered an "open" plea if he had been advised of that option, and that there is a reasonable probability that his sentence would have been lower if he had done so.

First, Mr. Sutherlin argues that he did not understand that his plea agreement bound the Court to impose a sentence between 30 and 35 years. Dkt. 8-1 ¶ 17. But the plea agreement states: "The Defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence him to the specific sentence set forth in Paragraph 9, below." Cr. Dkt. 24 ¶ 4. The plea agreement goes on to provide: "The Court should sentence the Defendant to a term of imprisonment for a total of between 30 and 35 years. Each part[y] is free to recommend a specific

sentence within this range." *Id.* ¶ 9.A. In addition, Mr. Sutherlin testified as follows at his change of plea and sentencing hearing:

> THE COURT: This plea agreement calls for a specific sentencing range. Do you understand if I choose not to follow those specific terms of the plea agreement, I will give you the opportunity to withdraw your plea of guilty?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And if you choose not to withdraw your plea of guilty, then we will proceed to sentencing, and I could impose a more severe sentence without being bound by the plea agreement; do you understand?
>
> THE DEFENDANT: Yes, ma'am.

Cr. Dkt. 45 p. 7. He further testified:

> THE COURT: You and the Government have reached an agreement as to a range with respect to your sentence with respect to the term of imprisonment. The range that you have agreed is in Paragraph 9A of your plea agreement, and it calls for a term of imprisonment for a total of between 15 and – I am sorry, for a total of between 30 and 35 years; do you understand?
>
> THE DEFENDANT: Yes, ma'am.

Cr. Dkt. 45 p. 14. Because he testified in open court that he understood the terms of his plea agreement, he cannot argue in support of his § 2255 motion that he did not. *See Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008).

Next, Mr. Sutherlin asserts that if he submitted an open plea to the charges, there is a reasonable possibility that he would have received a sentence less than 30 years.[1] Mr. Sutherlin was charged with 15 counts of sexual exploitation of a child, each of which was punishable by a mandatory minimum term of at least 15 years of imprisonment and a maximum term of up to 30 years. Cr. Dkt. 33 ¶ 163. These sentences could be imposed concurrently or consecutively. Because his total offense level was 43 and his criminal history category was I, the guideline imprisonment range was life. *Id.* ¶ 164. But because the statutory maximum sentences were less than the applicable guideline range, the guideline range became 5,400 months. *Id.* Mr. Sutherlin points out that even a sentence of 35 years, the highest sentence allowed by the plea agreement, would have represented a substantial downward variance from 5,400 months. He argues therefore that this suggests that the Court may have imposed an even lower sentence if it had not been bound by the terms of the plea agreement.

Mr. Sutherlin further argues that if he had submitted an "open" plea, he could have argued for a lower sentence and presented even more in-depth mitigation evidence and testimony than the mitigation evidence and argument his counsel submitted. But Mr. Sutherlin provides no evidence or argument to suggest that his counsel did not present the most thorough mitigation evidence he could present at the sentencing hearing. There is no reason to believe that counsel would have held back at sentencing because the minimum sentence the Court could impose pursuant to the plea agreement was 30 years when the Court could have rejected that sentence as too low. Moreover,

---

[1] The United States argues that Mr. Sutherlin's contention that he would have submitted an open guilty plea to the charges is based on speculation and has no other support beyond his assertion that he would have done so. But Mr. Sutherlin has provided specific testimony in his affidavit that he would have submitted an open plea. Dkt. 8-1 ¶ 15. In addition, his willingness to enter a plea agreement with the United States early in the proceedings supports this contention. Thus, for purposes of considering this § 2255 motion, the Court presumes that Mr. Sutherlin would have entered an open plea if he had been advised of this possibility.

Mr. Sutherlin provides no description of the evidence and testimony that would have been submitted if he had not already agreed to a sentence between 30 and 35 years. *Cf. Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (When counsel's "purported deficiency is based on a failure to investigate, we require the petitioner to allege what the investigation would have produced.") (internal quotation omitted). He therefore cannot establish prejudice based on an argument that counsel could have provided further mitigation evidence if he had entered an open plea.

> When sentencing Mr. Sutherlin, the Court explained:
>
> The Court will accept the agreement and also accept the recommendation for the low end. The Court finds it is a variance that takes into account the Defendant's background, as well as the multiple criminal acts that form the basis of the, of the plea agreement. And also, I think as Mr. Cleary noted, certainly a sentence of 30 years is significant and will serve not only as a deterrent to the Defendant but to others and will promote respect for the law; and as the Government, I know, is concerned, provide for the safety of the public.

Cr. Dkt. 45 p. 44-45. In other words, the Court concluded that a 30-year sentence was appropriate based on the presentence investigation report and the sentencing evidence provided by the parties. The Court could have rejected Mr. Sutherlin's plea agreement if it found the sentence provided in it was inappropriate based on that evidence. Mr. Sutherlin's arguments that there is a reasonable possibility that the Court would have imposed a lower sentence if he had entered an open plea are not supported by the record and are based only on his speculation. He therefore has failed to show that his counsel's failure to advise him of the possibility of entering an open plea prejudiced his defense. *See Hicks v. United States*, 886 F.3d 648, 651 (7th Cir. 2018) (arguments based on

speculation are "not sufficient to show a reasonable probability of a different outcome."). Mr. Sutherlin therefore is not entitled to relief on his § 2255 motion.[2]

### IV. Denial of a Hearing

Not every petition warrants a hearing. *Boulb v. United States,* 818 F.3d 334, 339 (7th Cir. 2016). An evidentiary hearing is not required if the record before the court conclusively shows that the petitioner is entitled to no relief. *Mitchell v. United States,* 846 F.3d 937, 941 (7th Cir. 2017) (citations omitted). As discussed above, that is the case here. A hearing is not warranted.

### V. Conclusion

For the reasons explained in this Entry, Drew Sutherlin is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the clerk shall **docket a copy of this Entry in No. 1:17-cr-00213-JMS-DML-1.** The motion to vacate, Cr. Dkt. [51], shall also be **terminated** in the underlying criminal action.

### VI. Denial of Certificate of Appealability

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Sutherlin has failed to show that

---

[2] Mr. Sutherlin also suggests, but does not argue, that his counsel was ineffective for advising him to provide the United States the pin to his cell phone and by consenting to the United States' motions to extend the time to file an Indictment. But Mr. Sutherlin does not develop an argument on these contentions and therefore has failed to meet his burden to show that counsel was ineffective in these respects.

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 7/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
steve.debrota@usdoj.gov

Zachary Lee Newland
JEREMY GORDON, PLLC
zach@brandonsample.com